**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **MARIA CHIANG and** | : | |
| **VEN CHIANG,** | : | |
| | : | **CASE NO:** |
| **Plaintiffs,** | : | **7:25-cv-106–WLS** |
| **v.** | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**<u>ORDER</u>**

Before the Court is Defendant's Motion to Dismiss (Doc. 7) and Request for Oral Argument (Doc. 8) (together the "Motions").

**I.    Procedural Background**

Plaintiff commenced the above-captioned action on July 10, 2025, by filing a Complaint (Doc. 1-2 at 2–5) in the Superior Court of Lowndes County, Georgia. The Complaint asserts claims for breach of contract and bad faith damages pursuant to O.C.G.A. § 33-4-6. For relief, Plaintiff seeks (1) the full amount of damages sustained by Plaintiff as a result of the Loss; (2) bad faith damages pursuant to § 33-4-6; (3) attorney fees pursuant to § 33-4-6; (4) pre- and post-judgment interest; and (5) such other damages and relief deemed just. (*Id.* at 4).

On September 5, 2025, Defendant filed its Special Appearance Answer and Defenses (Doc. 1-2 at 75–83) in the state court proceeding, and filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1332, invoking this Court's diversity jurisdiction (Doc. 1). After removal, on September 12, 2025, Defendant filed an Amended Answer and Defenses of Defendant (Doc. 5), and the instant Motions. Defendant did not file a motion to dismiss at the time he filed his original answer on September 5, 2025, in the state court proceeding.

Plaintiff filed a timely Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 9) asserting the Motion to Dismiss should be denied because (1) Defendant has already answered the Complaint and a motion under Rule 12(b)(6) is untimely, and (2) Plaintiff's Complaint contains sufficient factual allegations to survive a

1

Rule 12(b)(6) motion.[1] Plaintiff further contends he is entitled to prejudgment interest pursuant to O.C.G.A. § 13-16-13 and requests herein that he be allowed to amend the Complaint to the extent the Court is inclined to grant the Motion to Dismiss. Plaintiff, however, has not filed a separate motion to amend the Complaint, and because the response is not the proper vehicle, the Court will not consider such request. Defendant filed a timely Reply (Doc. 10) and the Motions are thus fully briefed and ripe for resolution.

## II.    Waiver of Rule 12(b)(6) Motion

As a threshold issue, the Court addresses Plaintiff's contention that Defendant waived the filing of a motion under Rule 12(b)(6) by filing its Answer prior to filing the instant Motion to Dismiss under Rule 12(b)(6). Defendant argues that the courts in this District construe a Rule 12(b)(6) motion that "is filed contemporaneously with an answer or post-answer" as a Rule 12(c) motion for judgment on the pleadings, applying the same standard. (Doc. 10 at 2–3).

Federal Rule of Civil Procedure 12(h) provides that "[f]ailure to state a claim upon which relief can be granted, . . . or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). An answer to a complaint is included in the pleadings allowed under Rule 7(a). Therefore, as discussed below, the Court finds that Defendant may still raise its failure to state a claim assertions; albeit by a motion under Rule 12(c) rather than 12(b).

Defendant's state court answer was filed September 5, 2025, and an amended answer was filed in this Court on September 12, 2025, pursuant to Rule 15(a)(1)(A). Both the answer and amended answer raise the defense of failure to state a claim. The Motion to Dismiss currently before the Court was filed as a separate document on September 12, 2025. Defendant asserts that in this situation, Eleventh Circuit case law permits the Court to construe its Motion to Dismiss as one filed under Rule 12(c). The Court agrees.

In *Byrne v. Nezhat*, the Eleventh Circuit stated that where a defendant asserted in its answer an affirmative defense that the complaint failed to state a claim for relief, a later Rule

---

[1] Plaintiffs also argue that Defendant's arguments have been previously addressed and found to be without merit in other cases before this Court. However, parties cannot bring arguments in this case simply by reference to the Defendant's lack of success in making such arguments in other cases without discussion of the facts. Each case must be decided on the facts and arguments made in the Record of such case.

12(b)(6) motion was in effect a nullity. 261 F.3d 1075, 1094 n.35 (11th Cir. 2001). The Eleventh Circuit further noted that if defendant "wished to file a Rule 12(b)(6) motion for failure to state a claim for relief, it should have done so before filing its answer containing the same defense. *Id.* (citing Rule 12(b) ("a motion making any of these defenses shall be made before answering the complaint") (alterations adopted)). Further, if defendant wished the district court to pass on the sufficiency of the failure to state a claim assertion that was included in its answer, defendant "should have moved the district court for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). We, therefore, treat the [district] court as having considered [defendant's] motion to dismiss as a motion filed pursuant to Rule 12(c))." *Id.* at 1096 n.46; *see also Whitehurst v. Wal-Mart Stores East, L.P.*, 329 F. App'x 206 (11th Cir. 2008) (per curiam) (rejecting plaintiff's argument that Rule 12(b)(6) motion was untimely because court could construe the motion to dismiss as a Rule 12(c) motion); *Bryant v. Progressive Mountain Ins. Co.*, 243 F. Supp. 3d 1333, 1336–37 (M.D. Ga. 2017) (construing motion to dismiss filed after the answer as a motion for judgment on the pleadings); *Parrott v. City of Union Point Hous. Auth.*, No. 3:07-CV-116, 2008 WL 2302685, at *1 (M.D. Ga. May 29, 2008) (construing Rule 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c) where defendants first raised the failure to state a claim defense in their responsive pleading). Therefore, the Court will construe the subsequently filed 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c).

Based on the above, the Court provides notice to the Parties that it intends to treat Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) as one filed under Rule 12(c). In the interest of fairness and judicial economy, the Court finds that Plaintiffs will be given an opportunity to file such motion or response to the Motion to Dismiss treated as a Rule 12(c) motion as they deem appropriate.

Accordingly, it is hereby **ORDERED** that:

1.    On or before **Tuesday, May 26, 2026**, Plaintiffs may file such supplemental response or motion as they deem appropriate for the Court's consideration of the Defendant's motion (Doc. 7) which will be treated as a Rule 12(c) motion for judgment on the pleadings.

2.    On or before **Tuesday, June 2, 2026**, Defendant may file a reply, if any.

3

3.      The Motion for Oral Argument (Doc. 8) will be held in abeyance and will be resolved at the appropriate time upon completion of briefing allowed herein.

**SO ORDERED**, this 11th day of May 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**