**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **MARIA CHIANG and**<br>**VEN CHIANG,** | : | |
| | : | |
| | : | **CASE NO:** |
| **Plaintiffs,** | : | **7:25-cv-106–WLS** |
| v. | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Better Discovery Responses and Privilege Log from Defendant (Doc. 20) ("Motion to Compel") filed December 19, 2025. Therein Plaintiffs request the Court compel Defendant to provide more complete answers to interrogatories and complete production of documents in response to requests for production which were served on Defendant September 26, 2025. Defendant responded to the discovery requests on November 6, 2025.

Initially, the Court notes that Plaintiffs' interrogatories and requests for production were served prior to the initial discovery conference which was held November 18, 2025, and prior to the Court entering the Discovery/Scheduling Order (Doc. 14) on November 19, 2025. While the Court permits discovery that the Parties consent to and voluntarily agree to participate in prior to entry of the Discovery/Scheduling Order, it does not entertain disputes related to such discovery until after the Discovery/Scheduling Order has been entered.

Next, the Court notes that the Motion to Compel does not comply with the Court's 21/21/21 Rule which the Court discussed at length during the initial discovery conference and which is set out in the Court's Discovery/Scheduling Order, as follows:

> Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 *must* be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged

1

violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, *whichever first occurs*.

(*Id.* ¶ 6 (emphasis added)). Under the 21/21/21 Rule, the relevant timeline for Plaintiffs' Motion to Compel was as follows:

| | |
|---|---|
| Friday, September 26, 2025 | Plaintiffs served written discovery in the form of interrogatories and requests for production on Defendant. |
| Monday, October 27, 2025 | Defendant's responses/objections to discovery were due but were not served. |
| Thursday, November 6, 2025 | Defendant served Plaintiffs' counsel with its responses and objections to Plaintiffs' September 26, 2025 discovery requests. Discovery was served 10 days late, but prior to initial discovery conference and entry of Discovery/ Scheduling Order. |
| Friday, November 28, 2025 | Deadline for Plaintiffs to file a motion to compel with respect to Defendant's responses/objections on the basis that such responses were unresponsive or incomplete.[1] |
| Friday, December 19, 2025 | Plaintiffs' Motion to Compel was filed with respect to discovery propounded September 26, 2025. |

The Parties did not address the 21/21/21 Rule in their proposed discovery order. Therefore, during the initial discovery conference in this case, and in an earlier case that same date with the same counsel, the Court discussed the Rule in depth.[2] The Court cautioned the Parties that although not the intended consequence, the Rule may have punitive results if not carefully followed. Counsel was warned that it was the earliest of the deadlines stated in the 21/21/21 Rule that applied and they should be careful not to let the applicable deadline expire without filing a motion or requesting an extension in order to preserve their rights. Finally, Counsel were notified that if they failed to file a proper motion in compliance with the

---

[1] The usual deadline for Plaintiffs' motion to compel for nonservice of responses would have been 21 days after discovery was due but not served, or in this instance by Monday, November 17, 2025. However, as noted above, this was prior to the initial discovery conference and prior to the Court entering the Discovery/Scheduling Order. Thus, the Court would not have entertained a motion to compel had one been filed prior to the entry of its Discovery/Scheduling Order. Therefore, the Court does not find that Plaintiffs' failure to file such a motion by Monday, November 17, 2025, was a failure to abide by the Court's Discovery/Scheduling Order.

[2] Both Plaintiff's Counsel, Kai Thompson, and Defendant's Counsel, Matthew Day, appeared at another initial discovery conference in the case of *Bentzinger v State Farm Fire & Casualty Co.* Case No. 7:25-cv-104, earlier on November 18, 2025. The 21/21/21 Rule was discussed at length during that conference and also discussed at the conference in this case on that same date—albeit not in as great detail as Counsel for the Parties had been present during the earlier discussion.

Discovery/Scheduling Order or obtain an extension prior to expiration of the applicable twenty-one-day period, the Court considered the issue(s) waived.

Here, Plaintiffs received the allegedly unresponsive responses on November 6, 2025. The twenty-one-day deadline for them to file an appropriate motion was discussed only twelve days later and Plaintiffs still had ten days after such discussion, or until November 28, 2025, within which to either file a timely motion to compel or motion for extension of time. Although the deadline should have been fresh in the mind of Plaintiffs' counsel, a motion to compel was not filed until twenty-one days after the November 28, 2025 deadline.

In light of entry of the Discovery/Scheduling Order on November 19, 2025, and to provide Plaintiffs with the full twenty-one-day period after their counsel became aware of such deadline, the Court gives Plaintiffs that benefit of calculating the twenty-one-day deadline from entry of the Discovery/Scheduling Order to file the appropriate motion or request an extension. Even so, the motion to compel or request for extension would have been due Wednesday, December 10, 2025. It was not filed until December 19, 2025, would still have been filed late, and an extension was not requested. Plaintiffs have not identified a reason to excuse the late filing, and upon a review of the Record, the Court finds none.

Based on the foregoing, Plaintiff's Motion to Compel Better Discovery Responses and Privilege Log from Defendant (Doc. 20) is **DENIED**.

**SO ORDERED**, this 11th day of May 2026.

/s/  W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3