IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

VEN CHIANG and                          :
MARIA CHIANG,                           :
                                        :          CASE NO:
          Plaintiffs,                   :          7:25-cv-106–WLS
     v.                                 :
                                        :
STATE FARM FIRE AND CASUALTY            :
COMPANY,                                :
                                        :
          Defendant.                    :
_____

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 7) ("Motion to Dismiss") and Request for Oral Argument (Doc. 8) ("Motion for Hearing," and together with the Motion to Dismiss, the "Motions"). After review, the Court denies the Motion to Dismiss. Because the pleadings in the Record and the parties' briefs are fully adequate for the Court's review, consideration, and resolution, no hearing is necessary. After review, the Court denies the Motion for Hearing.

## I.   PROCEDURAL BACKGROUND

Plaintiffs commenced the above-captioned action on July 10, 2025, by filing a Complaint (Doc. 1-2 at 2–5) in the Superior Court of Lowndes County, Georgia. The Complaint asserts claims for breach of contract and bad faith damages pursuant to O.C.G.A. § 33-4-6. For relief, Plaintiffs seek (1) the full amount of damages sustained by Plaintiffs as a result of the Loss; (2) bad faith damages pursuant to § 33-4-6; (3) attorney fees pursuant to § 33-4-6; (4) pre- and post-judgment interest; and (5) such other damages and relief deemed just. (*Id.* at 4).

On September 5, 2025, Defendant filed its Special Appearance Answer and Defenses in the Superior Court of Lowndes County, Georgia (Doc. 1-2 at 75–83) and Notice of Removal (Doc. 1) to this Court, pursuant to 28 U.S.C. § 1332, invoking this Court's diversity jurisdiction. After removal, on September 12, 2025, Defendant filed an Amended Answer and Defenses of Defendant (Doc. 6), and the instant Motions. Defendant did not file a motion to

1

dismiss at the time he filed his original answer on September 5, 2025, in the state court proceeding.

Plaintiffs filed a timely Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 9) asserting the Motion to Dismiss should be denied because (1) Defendant has already answered the Complaint and a motion under Rule 12(b)(6) is untimely, and (2) Plaintiffs' Complaint contains sufficient factual allegations to survive a Rule 12(b)(6) motion. Defendant filed a timely Reply (Doc. 10).

By Order (Doc. 34) entered May 11, 2026, the Court considered the threshold issue of whether Defendant waived the filing of a Rule 12(b)(6) motion by filing its Answer prior to filing the instant Motion to Dismiss. The Court found that pursuant to the Federal Rules of Civil Procedure, Eleventh Circuit precedent, and at Defendant's request, the Court could, and in the interest of judicial economy, the Court decided to construe Defendant's Motion to Dismiss as a motion for judgment on the pleadings pursuant to Rule 12(c). In the interest of fairness and judicial economy, the Plaintiffs were given the opportunity to file such motion or response to the Motion to Dismiss treated as a Rule 12(c) motion as they deemed appropriate, and Defendant was provided a period to file a reply, if any, that it deemed appropriate to Plaintiffs' filings. Plaintiffs timely filed a Supplemental Response (Doc. 37), to which Defendant replied (Doc. 38). The matter is now ripe for decision.

## II.   MOTION FOR JUDGMENT ON THE PLEADINGS

### A.  Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

> Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. The standard of review for a motion for judgment on the pleadings is almost identical to that used to decide motions to dismiss. Fed. R. Civ. P. 12(b)(6) motions to dismiss standards therefore apply to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings. When ruling on a motion to dismiss for failure to state a claim, the court must view the allegations of the complaint in the light most favorable to the plaintiff and consider the well pleaded allegations of the complaint as true.

2

*Bank of Camilla v. St. Paul Mercury Ins. Co.*, 939 F. Supp. 2d 1299, 1303 (M.D. Ga.), aff'd, 531 F. App'x 993 (11th Cir. 2013) (cleaned up); *see also Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934, 940 (11th Cir. 2023) (stating "[j]udgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. We must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.") (internal quotations and citations omitted).

Generally, the Court may not consider materials outside of the pleading and its attached documents without converting the motion to dismiss into a motion for summary judgment. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). A limited exception to this rule exists, however, with respect to extrinsic material that is "(1) central to the plaintiff's claim and (2) the authenticity of the document is not challenged." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024) (internal quotation marks omitted). This exception is referred to as the "incorporation by reference" doctrine. *See e.g.*, *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

### B. The Allegations

With this standard in mind, the Court briefly recounts the allegations in the Complaint. As alleged, Plaintiffs were residents at 1101 Old Meadow Road, Valdosta, Lowndes County, Georgia (the "Property"). (Doc. 1-2 ¶ 1). The Property was insured by Defendant under Policy No. 81PE51955 ("Policy")[1] and such Policy was in effect on September 26, 2024, when the Property sustained a covered loss as a result of wind, wind-driven rain, or hail ("Loss"). (*Id* ¶¶ 6, 8). Plaintiffs allege the Loss is covered by the Policy which was reported to Defendant shortly after the Loss occurred. (*Id.* ¶¶ 9, 18). Defendant assigned Claim No. 1174S003P to Plaintiffs' Loss and inspected the Property. (*Id.* ¶ 10). Plaintiffs contend they have performed all applicable conditions precedent as required under the Policy. (*Id.* ¶ 15).

Plaintiffs allege that Defendant has materially breached the Policy by failing to either tender an appropriate amount to repair the Property and by failing to adequately indemnify Plaintiffs for damages stemming from the Loss. (*Id.* 11–12). Plaintiffs allege that on April 11,

---

[1] A copy of the ("Policy") is attached to the Complaint as Exhibit A.

3

2025, they made written demand to Defendant for proper payments on their claim pursuant to O.C.G.A. § 33-4-6. They further allege that Defendant has acted in bad faith under O.C.G.A. § 33-4-6 by failing to pay for, or repair, all damages incurred, despite demands being made. (*Id.* ¶¶ 14, 25). Finally, in their Complaint filed July 10, 2025, Plaintiffs allege that over sixty days elapsed from when they made their demand for payment pursuant to § 33-4-6 and the time they filed their Complaint

## C. Analysis

Defendant moves under Federal Rule of Civil Procedure 12(c) to dismiss the Complaint in its entirety. As to Count I—breach of contract, Defendant contends that Plaintiffs failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards and that Plaintiffs failed to specify the amount of damages they incurred. As to Count II—bad faith damages pursuant to O.C.G.A. § 33-4-6, Defendant contends Plaintiffs failed to state a claim because immediate payment on their claim was not due at the time they made their demand for payment. Finally, Defendant contends Plaintiffs failed to state a claim for prejudgment interest because O.C.G.A. § 33-4-6 provides the exclusive statutory provision for an insured to recover extra-contractual damages against his insurer.

### 1. *Plaintiffs pled sufficient facts to plausibly state a claim for breach of contract*

To state a claim for breach of contract, Plaintiffs must plausibly allege that Defendant owed them a contractual obligation and that it breached that obligation, causing Plaintiffs damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); O.C.G.A. § 13-6-1. In *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020), the Eleventh Circuit explained that a plaintiff failed to plead plausibly a Georgia breach of contract claim under the Federal Rules of Civil Procedure where he did "not allege[ ] *any* general or specific provision of *any* contract that [defendant] might have breached." (emphasis added). Defendant asserts that Plaintiffs' claim fails at the breach element because Plaintiffs make no allegations as to the exact provisions of the Policy which (1) entitle them to recovery and (2) Defendant allegedly breached." Defendant also asserts that Plaintiffs failed to specify the amount of the Loss. (Doc. 7-1 at 6),

While Plaintiffs' factual allegations are not extensive, they have alleged sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*. Plaintiffs' Complaint alleges the Policy was issued by Defendant to cover losses to Plaintiffs' Property, identifies the Policy by Policy Number, and alleges the Policy was in effect on the date of the Loss. (*See* Doc. 1-2 ¶¶ 1, 6–8). Specifically, Plaintiffs allege that on September 26, 2024, while the Policy was in full force and effect, the "Property sustained a covered loss as a result of wind, wind-driven rain, or hail." (*Id.* ¶ 8). In addition, Plaintiffs contend that Defendant materially breached the Policy by failing to tender an appropriate amount to repair the Property and by failing to adequately indemnify Plaintiffs for damages stemming from the Loss. (*Id.* ¶¶ 11–12). In other words, Plaintiffs alleged the specific Policy provisions Defendant breached; *i.e.*, the provisions which provided coverage for loss resulting from wind, wind-driven rain, or hail, and the settlement provision setting out what constitutes an adequate or appropriate amount Defendant is required to pay under the Policy to repair the Property and to indemnify Plaintiffs from damages caused by the Loss. *See Boyd v. State Farm Fire & Casualty Co.*, No. 7:24-cv-116, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar insurance policy provisions on basis that plaintiff did not plead the provision breached with sufficient particularity under federal pleading standards). Thus, Plaintiffs identified the breached provisions with sufficient specificity to plausibly allege breach.

Next, Defendant argues that Plaintiffs failed to state a claim for breach of contract because they did not specify the dollar amount of their damages. Plaintiffs allege that they "have suffered and continue to suffer damages due to Defendant's breach of the Policy" and that they "have incurred damages as a direct and proximate result thereof. (Doc. 1-2 ¶¶ 13–14). Defendant cites one unreported, nonbinding case, *Bauer v. State Farm Life Ins. Co.*, No. 1:21-CV-00464, 2022 WL 912687 (N.D. Ga. Mar. 28, 2022), as support for its position that Plaintiffs failed to state a claim for breach of contract because they did not specify the dollar amount of their damages. In *Bauer*, the district court granted a motion to dismiss plaintiff's conversion claim against defendant because plaintiff failed to allege an identifiable sum of money that defendant allegedly converted from her account. *Id.* The district court explained that plaintiff's failure to identify the amount of money lost was detrimental to her claim

5

because "money can [only] be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Id.* at 2. Here, Plaintiffs assert a breach of contract claim—not a conversion claim. (Doc. 1-2 at 3). The elements for a breach of contract claim and conversion of money claim are not analogous. Defendant did not cite any other support for its position that Plaintiffs are required to state a dollar amount of their alleged damages to satisfy *Iqbal* and *Twombly* pleading requirements to state a claim for breach of contract. *See also Boyd*, 2025 WL 1073710 (finding that *Bauer* did not provide support for the argument that the amount of damages from breach of contract must be particularly pled); *Wells v. State Farm Fire & Cas. Co.*, No. 7:24-CV-117, 2025 WL 2484022, at *3 (M.D. Ga. Aug. 28, 2025) (same).[2]

In sum, the Court is unpersuaded that Defendant's proffered deficiencies render Plaintiff's allegations of breach insufficient. Accordingly, the Court finds that dismissal of Count I is not warranted on the ground that Plaintiffs failed to state a claim, and Defendant's Motion to Dismiss Count I is thus **DENIED**.

2. *Plaintiffs pled sufficient facts to plausibly state a claim for bad faith penalty and attorney's fees under O.C.G.A. § 33-4-6*

Defendant contends that Plaintiffs failed to adequately allege a bad faith claim pursuant to O.C.G.A. § 33-4-6 which provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6. To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiffs must allege facts which establish: "(1) that the claim is covered under the policy, (2)

---

[2] In addition, in removing this case, Defendant specifically contends that the amount in controversy is in excess of $75,000. In doing so, it relies on Plaintiffs' demand letter dated April 11, 2025, in which Plaintiffs claim damages in the amount of $47,088.99, to which Defendant adds the 50 percent penalty and attorney fees provided for in O.C.G.A. § 33-4-6 to support its position that the amount in controversy exceeds $75,000. (Doc. 1 at 3). In its Motion to Dismiss, Defendant asserts the April 11, 2025 demand letter is central to Plaintiffs' Complaint and contends the Court may consider such document in resolving the Motion to Dismiss. (Doc. 7-1 at 7).

that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *Barron v. State Farm Fire & Cas. Co.*, No. 7:25-CV-4, 2025 WL 2045728, at *3 (M.D. Ga. July 21, 2025) (quoting *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6))); *see also Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008) (same). "Since the statute imposes a penalty, its requirements are strictly construed." *BayRock Mortg. Corp.*, 648 S.E.2d at 435 (citation omitted).

To recover damages, there must be "a loss which is covered by a policy of insurance[.]" O.C.G.A. § 33-4-6. "[A] plaintiff cannot recover for an insurer's bad faith refusal to pay a claim where no coverage exists[.]" *State Farm Fire & Cas. Co. v. Diner Concepts, Inc.*, 370 F. App'x 56, 58 (11th Cir. 2010) (per curiam). As discussed above,[3] Plaintiffs have pled sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*.

Defendant contends that Plaintiffs fail to state a claim for bad faith because their "demand for payment under the Policy was not proper as the demand was not made at a time when immediate payment was due." (Doc. 7-1 at 10). Defendant states relevant Policy provisions provide:

> **SECTION I - CONDITIONS**
>
> **2. Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
>
> . . . .
>
>> e. submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss . . .
>
> . . . .
>
> **8. Loss Payment.** *We* will adjust all losses with *you*. *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after *we* receive *your* proof of loss . . .

(Doc. 7-1 at 10 (emphasis in original)). Defendant argues that submitting a sworn proof of loss is a condition precedent required prior to payment being issued and Plaintiffs failed to allege that they submitted a proof of loss. Therefore, according to Defendant, Plaintiffs'

---

[3] *See supra* Part III.C.1.

demand was made at a time when Defendant had additional time to investigate the loss, and therefore Plaintiffs' demand for bad faith penalties is improper.

As Plaintiffs assert, however, the Complaint specifically alleges that "[a]ll conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed." (Doc. 1-2 ¶ 15). For purposes of considering Defendant's Motion to Dismiss, the Court accepts this allegation as true at this stage of the litigation. Additionally, it is questionable that an assertion of a basis for dismissal can be feasible upon a pleading motion where facts may be clearly in dispute. Defendant's assertion here is extremely fact sensitive and cannot be determined on the face of the pleadings.

Based on the foregoing, the Court is unpersuaded that Defendant's proffered deficiencies render Plaintiffs' allegations of bad faith pursuant to O.C.G.A. § 33-4-6 insufficient to state a claim. Accordingly, the Court finds that dismissal of Count II is not warranted on the ground that Plaintiffs failed to state a claim, and Defendant's Motion to Dismiss Count II is **DENIED, WITHOUT PREJUDICE**.

### 3. *Prejudgment Interest under O.C.G.A. § 13-6-13*

In their general Prayer for Relief, Plaintiffs request pre- and post-judgment interest, and such other relief as the Court deems just. (Doc. 1-2 at 4). Defendant contends that O.C.G.A. § 33-4-6 is the exclusive provision under which an insured can recover "extra-contractual damages against his/her insurer," and thus an insured cannot seek recovery of pre-judgment interest under O.C.G.A. § 13-6-13. (Doc. 7-1 at 11). The phrase "extra-contractual damages" is an undefined term used by Defendant which appears nowhere in § 33-4-6. Neither does the term "prejudgment interest" appear in § 33-4-6.

Plaintiffs do not reference a particular statute under which they seek prejudgment interest. But as Plaintiffs note, O.C.G.A. § 13-6-13 specifically provides: "In *all* cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." (Emphasis added). The Court finds Defendant's argument on the pleadings that prejudgment interest is not available under such section unpersuasive.

Based on the foregoing, the Court finds that dismissal of Plaintiffs' prayer for relief in the form of prejudgment interest is not warranted on the grounds that Plaintiffs failed to state

a claim as represented by Defendant. Accordingly, Defendant's Motion to Dismiss Plaintiffs' request for prejudgment interest relief is **DENIED, WITHOUT PREJUDICE**.

### D. Conclusion as to Motion to Dismiss

Upon a full review of the pleadings, the Parties' briefs, and the Record in this matter, and for the reasons stated above, Defendant's Motion to Dismiss (Doc. 7) is **DENIED**.

## III.    MOTION FOR ORAL ARGUMENT

Defendant requests that the Court hold a hearing on the Motion to Dismiss. Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motions to dismiss, and the Court is not required to hold a hearing before resolving a motion to dismiss. *See Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017) (citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998)); *see also Coney v. Macon-Bibb Cnty*, No. 5:19-cv-00145, 2019 WL 13098500, at *1 (M.D. Ga. June 6, 2019) (first citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007); and then citing *Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved the Motion to Dismiss based on the filings which the Court finds fully adequate for its review and decision. Thus, oral argument is unnecessary, and Defendant's Motion for Oral Argument (Doc. 8) is **DENIED**.

**SO ORDERED**, this 21st day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**