**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **VEN CHIANG and** | : | |
| **MARIA CHIANG,** | : | |
| | : | **CASE NO:** |
| **Plaintiffs,** | : | **7:25-cv-106–WLS** |
| **v.** | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

_____

**ORDER**

Before the Court is Plaintiffs' Emergency Motion for Protective Order and Objections to Defendant's Second Amended Request for Entry Upon Land, Dated July 17, 2026 (Doc. 45) ("Motion"). Therein, Plaintiffs assert that on July 17, 2026, Defendant noticed an inspection of Plaintiffs' home, located at 1101 Old Meadow Road, Valdosta, Lowndes County, Georgia ("Residence"). The inspection is to be conducted by Defendant's expert, Eric Spell, and is scheduled to take place on July 23, 2026, at 11:00 a.m. Plaintiffs further assert that "Defendant's counsel has represented that its expert intends to conduct destructive asphalt shingle repairability testing and/or sampling[,]" and "[o]nce said destructive testing and/or sampling occurs, the original condition of the [Residence] cannot be recreated or independently examined." (*Id.* ¶¶ 3, 4). Plaintiffs also contend that if the inspection proceeds as described, they will incur additional damage to their Residence. (*Id.* ¶¶ 4, 5). Finally, Plaintiffs contend that Defendant seeks to use Mr. Spell to develop and potentially offer opinions that have not been disclosed prior to the expiration of Defendant's expert disclosure deadlines or the expiration of supplemental expert reports, and Defendant has not requested an extension of the applicable deadline.[1] (*Id.* ¶ 13 & page 6).

_____

[1] The deadline for Defendant to disclose expert witnesses was June 15, 2026 (Doc. 33). The deadline for the disclosure of rebuttal experts was July 13, 2026, and for supplemental expert reports was July 20, 2026. (Doc. 41).

1

For the above reasons, and others stated in the Motion, as an alternative to entering a protective order prohibiting Defendant from conducting the requested inspection, Plaintiffs request that the Court limit any inspection to a non-destructive visual inspection of the roof only, require advance disclosure of the manner for the inspection and performing the related acts, require preservation of all samples obtained, and require that Plaintiffs' engineering expert, Chad Williams, P.E., be permitted to attend the inspection in its entirety. (*Id.* ¶ 21 & page 7).

Based on the foregoing, the Court finds it appropriate to temporarily stay the requested inspection and to shorten Defendant's time to file a response to the Motion.

Accordingly, on or before **Friday, July 24, 2026**, Defendant shall file a response to the Motion. Plaintiffs' reply, if any, shall be filed by **Monday, July 27, 2026**. No further briefing shall be permitted except on the filing of an appropriate motion showing good cause. Further, the inspection scheduled for Thursday, July 23, 2026, at 11:00 a.m., is stayed, pending further Order of this Court.

**SO ORDERED**, this 22nd day of July 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2