**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **VEN CHIANG and MARIA CHIANG,** | : | |
| **Plaintiffs,** | : | **CASE NO: 7:25-cv-106–WLS** |
| **v.** | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| **Defendant.** | : | |

**ORDER**

Before the Court are:

1. Plaintiffs' Motion to Exclude Defendant's Fed R. Civ. P. 26(a)(2)(C) Experts (Doc. 40) ("Motion to Exclude") filed June 30, 2026. Defendant filed its Response (Doc. 43) to the Motion to Exclude on July 14, 2026, and Plaintiffs filed their Reply (Doc. 46) thereto on July 22, 2026; and

2. Plaintiffs' Emergency Motion for Protective Order and Objections to Defendant's Second Amended Request for Entry Upon Land, Dated July 17, 2026 (Doc. 45) ("Motion for Protective Order") filed July 21, 2026. Defendant filed its Response (Doc. 48) to the Motion for Protective Order on July 24, 2026, and Plaintiffs filed their Reply (Doc. 49) thereto on July 28, 2026.

Both the Motion to Exclude and the Motion for Protective Order are ripe for decision.

## I. MOTION TO EXCLUDE

In their Motion to Exclude, Plaintiffs seek to exclude Defendant's Non-Retained Experts, as defined below, on the bases that Defendant's Rule 26(a)(2)(C) disclosures are inadequate, the testimony of the Non-Retained Experts is cumulative, and Defendant's inadequate disclosures are not harmless or substantially justified. Plaintiffs request that Defendant's Non-Retained Experts be excluded as experts and that their testimony be limited to fact testimony.

Defendant opposes the Motion to Exclude asserting that (1) Plaintiffs' motion was untimely under the Court's 21/21/21 Rule, (2) Defendant's Rule 26(a)(2)(C) disclosures satisfied the requirements of that Rule, and (3) if such disclosures are inadequate, the failure to comply was harmless.

**A. Law**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose to the other parties the identity of any expert witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.[1] With respect to the disclosures required for non-retained experts, Rule 26 requires that "[u]nless otherwise stipulated or ordered by the court," such "disclosures must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Rule 26(a)(2)(C) governs the disclosures required by experts who are not required to file a report under Rule 26(a)(2)(B)—or "non-retained" experts. *Cedant v. United States*, 75 F.4th

[1] Federal Rules of Evidence 702, 703 and 705 provide:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

> Unless the court orders otherwise, an expert may state an opinion—and give the reasons for it—without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.

Fed. R. Evid. 705.

1314, 1321 (11th Cir. 2023) (noting that with respect to expert witnesses who do not need to file a Rule 26(a)(2)(B) report, the party needs to file a disclosure under Rule 26(a)(2)(C) and that "[t]he shorthand for these witnesses is 'non-retained.'"). Notably, Rule 26(a)(2)(C) "contain[s] a caveat that reports and disclosures must include the specified components '*[u]nless otherwise stipulated or ordered by the court.*'" *Cedant*, 75 F.4th at 1324. The district courts have discretion to require, by local rule or order, more disclosures from a party's experts than the default rules require. *Id.* at 1324-25. However, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

Plaintiffs, as the party seeking to exclude the testimony of Defendant's Non-Retained Experts, bear the burden to demonstrate that Defendant's disclosures were inadequate. *See Payne v. C.R. Bard, Inc.*, No. 6:11-CV-1582-Orl-37GJK, 2014 WL 12622457, at *3 (M.D. Fla. Apr. 21, 2014) ("As the party moving to strike [p]laintiffs' disclosure of [plaintiffs' expert witness] [d]efendants bear the burden to demonstrate that the disclosure was untimely and incomplete.").

**B. Analysis**

On May 21, 2026, Defendant served its initial Rule 26(a)(2)(C) expert disclosures ("Initial Disclosures") in which it disclosed the following non-retained experts: Ryan Lam, Andrew Demskie, Luis Del Valle, Mario Dominguez, Syntwala Armstrong, Whitney Bennett, Shontell Oquin, and Lisa Huell. The Initial Disclosures for each Non-Retained Expert were substantially the same, stating only the following:

> [Expert's Name] is an insurance claim professional who worked in connection with the claim that is the subject of the above-styled action. While this disclosure may not be necessary under Fed. R. Civ. P. 26(a)(2) for [Expert's Name], defendant is disclosing [Expert's Name] as a non-retained expert out of an abundance of caution. His testimony will be based upon specialized knowledge, training, experience, education, and/or expertise as an experienced claim representative. [Expert's Name] has knowledge of the facts and circumstances surrounding the insurance claim which forms the basis of the above-styled action.

Doc. 40-1 at 1–5). According to Plaintiffs, their counsel conferred with Defendant's counsel on June 9, 2026, regarding deficiencies in Defendant's Initial Disclosures and Defendant's counsel agreed to supplement Defendant's disclosures with additional information. (Doc. 40 at 2).

On June 15, 2026, Defendant served its Second Rule 26(a)(2)(C) Expert Disclosures (Doc. 40-2) ("Second Disclosures") in which it added an additional Non-Retained Expert, Courtnay Syphore, Defendant's employee who had testified as a Rule 30(b)(6) representative on behalf of Defendant. Courtnay Syphore and the eight non-retained experts identified above are hereinafter collectively referred to herein as the "Non-Retained Experts." Plaintiffs assert the alleged deficiencies discussed with Defendant's counsel were not cured by the Second Disclosures, and on June 30, 2026, Plaintiffs filed the instant Motion to Exclude.

1. *The Court's 21/21/21 Rule is not applicable to the Motion to Exclude*.

On November 19, 2025, the Court entered its Discovery/Scheduling Order (Doc. 14). Defendant asserts that pursuant to the Court's 21/21/21 Rule set out in the Discovery/ Scheduling Order (*see* Doc. 14 at 2), Plaintiffs' Motion to Exclude is untimely. Defendant argues that its Initial Disclosures were submitted to Plaintiff on May 21, 2026, and therefore, the 21/21/21/ Rule required any "objection by motion to defendant's disclosures should have been submitted to the Court within 21 days of this production if plaintiff objected to defendant's disclosure." (Doc. 43 at 4).

As Plaintiffs note, they did not file a motion for Defendant to comply. Instead, they filed a Motion to Exclude the testimony of the Non-Retained Experts for failure to provide the required disclosures—which is more in the nature of a motion *in limine*. The Court's 21/21/21 Rule does not apply in this situation. Defendant's disclosure of experts was not a response to a discovery request, but a notice required by the Federal Rules of Civil Procedure. Plaintiffs' Motion to Exclude presents the question of whether Defendant's Second Disclosures comply with the disclosure and notice requirements of Rule 26(a)(2)(C). Timely compliance with Plaintiffs' discovery requests is not at issue. Further, the 21/21/21 Rule does not displace the Federal Rules, and Defendant cannot avoid the consequences of any failure to comply with Rule 26(a)(2)(C) by recharacterizing Plaintiffs' Motion to Exclude as a motion to compel.

2. *<u>Defendant's Second Disclosures do not comply with Rule 26(a)(2)(C)(ii)</u>*.

Specifically, Plaintiffs assert Defendant's Second Disclosures vaguely described the subject matter on which each Non-Retained Expert witness is expected to testify. However, they further assert the testimony of such Non-Retained Experts must be excluded because Defendant failed to summarize the facts and opinions of these experts as required by Rule 26(a)(2)(C)(ii). Plaintiffs contend Defendant's disclosures consist almost entirely of boilerplate language. The Court has reviewed Defendant's Second Disclosures, which replaced its Initial Disclosures, and notes the Second Disclosures retained the language of the Initial Disclosures and added the following quoted language to the disclosure for the respective Non-Retained Expert:

1. Ryan Lam "may provide an opinion as to the facts and circumstances surrounding the plaintiffs' claim and its handling and State Farm's communications with the plaintiffs." (Doc. 40-2 at 2–3)

2. Andrew Demski "may provide an opinion as to facts and circumstances surrounding the plaintiffs' claim and its handling and the scope of damage and repairability of plaintiffs' roof." (*Id.* at 3).

3. Luis Del Valle "may provide an opinion as to facts and circumstances surrounding the plaintiffs' claim and its handling, the inspection of plaintiffs' property, State Farm's estimate, and the scope of damage and repairability of plaintiffs' roof." (*Id.*).

4. Mario Dominguez "may provide an opinion as to facts and circumstances surrounding the plaintiffs' claim and its handling, the inspection of plaintiffs' property, State Farm's estimate, the scope of damage and repairability of plaintiffs' roof, and communications with plaintiffs and their contractors, and any other topic explored during his deposition." (*Id.* at 4).

5. Syntwala Armstrong "may provide an opinion as to the facts and circumstances surrounding the plaintiffs' claim and its handling." (*Id.*).

6. Whitney Bennett "may provide an opinion as to the facts and circumstances surrounding the plaintiffs' claim and its handling." (*Id.* at 5).

7. Shontell OQuin "may provide an opinion as to the facts and circumstances surrounding the plaintiffs' claim and its handling and communications with plaintiffs, their contractors, and counsel." (*Id.*).

8. Lisa Huell "may provide an opinion as to the facts and circumstances surrounding the plaintiffs' claim and its handling." (*Id.* at 5–6).

9. Courtnay Syphore "may provide an opinion as to any of the topics explored in his deposition." (*Id.* at 6).

Defendant states that its Second Disclosures "provided additional language in an effort to provide a more detailed explanation as to the *topic* defendant's non-specially retained experts were to testify on." (Doc. 43 at 2 (emphasis added)). This explanation is consistent with providing the details of the "subject matter" on which each expert was expected to testify as required by Rule 26(a)(2)(C)(i). However, Rule 26(a)(2)(C)(ii) specifically requires "a summary of the facts and opinions to which the witness is expected to testify." None of the above detailed "topic" explanations can be described as providing a summary of any facts or opinions as to which the respective witness is expected to testify. The summaries effectively provide only the general subject matters on which each witness, as Defendant suggests, may be expected to present evidence as required by Rule 26(a)(2)(C)(i). Though great detail is not required, some detail is necessary to meaningfully inform Plaintiffs of each Non-Retained Expert's opinions and the facts on which such opinions are based. None of the disclosures identified any actual or specifically identified opinion to be given.

Defendant correctly states that Rule 26(a)(2)(C) disclosures "are considerably less extensive than the report required by Rule 26(a)(2)(B)." (Doc. 43 at 3 (quoting *L.A. v. Riverside Military Acad. Found., Inc.*, 2:18-CV-00215, 2021 WL 8998914, at *2 (N.D. Ga. 2021) (internal quotation marks omitted)). Nevertheless, while disclosures for non-specially retained experts "do not require excessive detail," even the case cited by Defendant, *L.A.*, requires that the disclosures of the expert "opinions must be precise and not vague." *L.A.*, 2021 WL 8998914 at 2. Defendant ignores this second phrase and has failed to provide even a vague description of any actual opinion its Non-Retained Experts are expected to provide. For example, the disclosure for Andrew Demski states that he "may provide an opinion as to facts and circumstances surrounding the plaintiffs' claim and its handling and the scope of damage and

repairability of plaintiffs' roof." (*Id.* at 3). Yet, the disclosure does not indicate what Andrew Demski's opinion is with respect to how Plaintiffs' claim was handled such as whether it was properly handled according to Defendant's procedures. Neither is his opinion as to whether the Plaintiffs' roof is repairable stated. Further, none of the Second Disclosures include any facts upon which any specified opinions may be based.

Next, Defendant argues that its Second Disclosures satisfy the requirements of Rule 26(a)(2)(C) because Defendant produced its redacted claim file which contains facts, opinions, and summaries of the information from which Plaintiffs can obtain the information they assert is missing from such disclosures. The Court agrees with Plaintiffs that providing a 1007-page claim file from which Plaintiffs are expected to divine or guess the opinions which the Non-Retained Experts hold or may testify to and the relevant summary of facts upon which they are based does not satisfy the requirements that Defendant "must" provide the required information in their disclosures. Rule 26(a)(2)(C)(ii); *see also cf. Cook v. Herrera*, No. CV424-179, 2025 WL 3722012, at *4 (S.D. Ga. Dec. 23, 2025) (finding that the "provision of medical records alone does not satisfy the disclosure requirements of Rule 26(a)(2)(C)"). The Rule states that "disclosures *must* state: . . . (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii) (emphasis added). Plaintiffs are not required to search through 1007 pages of Defendant's claim file to extract information which may or may not correctly identify the facts and opinions of Defendant's Non-Retained Experts. Further, Plaintiffs argue that the claim file identified by Defendant are claim notes created by only three of the Non-Retained Experts; *i.e.*, Andrew Demski, Luis Del Valle, and Mario Dominguez, Defendant has not identified portions of the claim file that are relevant, and the file does not summarize the testimony Defendant intends to elicit from each witness at trial. Nor has Defendant cited any authority to support its position. Thus, the Court finds Defendant's argument that its Second Disclosures, as supplemented by its claim file, satisfy Rule 26(a)(2)(C)'s requirements unpersuasive.

Finally, Defendant contends that its disclosures with respect to Mario Dominguez and Courtnay Syphore are sufficient because Plaintiffs can obtain information relating to the facts and opinions of Mario Dominguez and Courtnay Sephora from their depositions. For the same reasons noted above with respect to the claim file, this argument is unpersuasive. *Goodbys*

*Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 1139575, at *3 (M.D. Fla. Apr. 27, 2009) (finding that "even if a deposition of every expert were taken by [d]efendant as a matter of course, furnishing [deposition] with a woefully inadequate report adversely impacts upon [opposing party's] ability to prepare for and conduct the deposition."). It is not the Plaintiffs' responsibility to search through other discovery materials in the hope that they will discover the correct relevant information. As already noted, the Rule provides that the Defendant "must" provide a summary of the facts and opinions to which its Non-Retained Experts are expected to testify.

Based on the foregoing, because the Second Disclosures do not provide a summary of the facts and opinions to which each of Defendant's Non-Retained Expert witnesses is expected to testify as required by Rule 26(a)(2)(C)(ii), the Court finds that Defendant's Second Disclosures are deficient with respect to Defendant's nine Non-Retained Experts.

*3. The inadequacy of Defendant's Second Disclosures is not harmless or substantially justified.*

Having found Defendant's Second Disclosures deficient as to all of Defendant's Non-Retained Experts, the Court must determine whether exclusion is appropriate under Rule 37(c). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendant, as the non-disclosing party, bears the burden of establishing that a failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "The determination of whether a party's failure to . . . provide the required information is 'substantially justified' or 'harmless' lies in the broad discretion of the Court. In making such determination, the Court considers the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1366 (S.D. Ga. 2016), *objections overruled*, No. CV 218–81, 2016 WL 6542717 (S.D. Ga. Nov. 3, 2016); *see also Moody v. Physicians Mut. Ins. Co.*, No. CV

17-00168, 2018 WL 1898411, at *2 (S.D. Ala. Jan. 31, 2018) (same); *Cook v. Herrera*, No. CV424-179, 2025 WL 3722012, at *4 (S.D. Ga. Dec. 23, 2025) (same).

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is a genuine dispute concerning compliance. Courts have held that the failure to make the required expert witness disclosures pursuant to Rule 26(a) is harmless when there is no prejudice to the party entitled to the disclosure.

*Warner v. Ventures Health Care of Gainesville, Inc.*, No. 5:00-CV-308-Oc-10GRJ, 2001 WL 36098008, at *1 (M.D. Fla. Aug. 1, 2001) (cleaned up). Defendant argues that even if its disclosures are inadequate, the expert testimony of its Non-Retained Experts should not be excluded because any deficiencies are harmless. Considering the arguments of the parties and the above factors, the Court disagrees with Defendant.

1. Unfair prejudice or surprise of the party against whom the evidence would be offered—here the Plaintiffs. Defendant asserts that Plaintiffs should not be surprised by any defective disclosure because Plaintiffs can obtain the missing information from the 1007-page claim file. The Court has already addressed this issue above and finds that it does not cure any unfair prejudice or surprise on the part of Plaintiffs. Defendant effectively places its duty of disclosure as a burden to be borne entirely by Plaintiffs without consequence. This factor weighs in favor of Plaintiffs.

2. That party's—Plaintiffs'—ability to cure the surprise. Defendant argues that Plaintiffs have had an opportunity to cure any surprise through discovery. Defendant ignores Plaintiffs' arguments that they were "unable to prepare meaningful cross-examination, determine whether rebuttal experts are necessary, determine which expert depositions are necessary, evaluate admissibility, prepare *Daubert* challenges and motions in limine, evaluate whether the opinions exceed the witnesses' personal knowledge and otherwise prepare for trial." (Doc. 40 at 5). Defendant's position is essentially that the Plaintiffs could have reviewed 1007 pages of discovery, speculated on what opinions and facts the Non-Retained Experts would testify to, and gamble on whether rebuttal experts were needed or which depositions, if any, they should take, or expend resources deposing all of Defendant's Non-Retained Experts to cover all conceivable possibilities. Obviously, the notice requirement is intended to

avoid this situation. Defendant's position is unreasonable. This factor also weighs in favor of Plaintiffs.

3. The likelihood and extent of disruption to the trial. Defendant merely states the anticipated testimony, and evidence would not disrupt the trial. However, Defendant fails to consider that to give it an additional opportunity to cure its inadequate disclosures, would require the Court to extend the expert disclosure and discovery deadlines in this case. Those deadlines have already expired with the discovery deadline having been July 27, 2026, and the dispositive motion deadline set as August 26, 2026. Deadlines in this case have already been extended three times. (*See* Court's Discovery/Scheduling Order, as amended (Docs. 14, 28, 33, 41)). Defendant has not stated good cause for its failure to comply with disclosure requirements. This factor weighs in favor of Plaintiffs.

4. The importance of the evidence. Defendant contends that the anticipated evidence is germane and essential to a full and fair trial and that "[e]xcluding the facts surrounding Plaintiffs' claim and its handling would severely impair Defendant's ability to present its defense." (Doc. 43 at 8). First, Plaintiffs have not requested exclusion of the factual testimony of the Non-Retained Experts. (Doc. 40 at 6 (arguing that Defendant's Non-Retained Experts "be excluded as experts and their testimony limited to fact testimony only")). As to the Non-Retained Expert's testimony as experts under Rule 26(a)(2)(C), Defendant has already been given an opportunity to provide adequate disclosures and failed to do so. It did so at its own peril. Defendant did not disclose the summary of facts and opinions with respect to which each Non-Retained Expert is expected to testify. The plain language of Rule 26(a)(2)(C)(ii) requires such disclosures. Therefore, the Court cannot realistically determine how important such opinions might be and the Court declines to guess as to the importance of such opinions based on the Defendant's unspecified and unsupported assertions. The burden is on the Defendant to establish that its failure to disclose was substantially justified or harmless. *Mitchell*, 318 F. App'x at 824. Defendant has provided an insufficient basis upon which the Court can determine the importance of the Non-Retained Experts' testimony in the role as expert witnesses. Thus, this factor also weighs in favor of Plaintiffs.

5. The offering party's explanation for its failure to timely disclose. Defendant offers no explanation for its failure to timely make adequate disclosures and continues to simply

assert the disclosures were adequate. As shown by the above discussion, this assertion is without merit. This factor weighs in favor of Plaintiffs.

Based on the foregoing, the Court finds that Defendant has not met its burden to establish that its failure to disclose was substantially justified or harmless. *Mitchell*, 318 F. App'x at 824.

### C. Motion to Exclude Conclusion

Defendant never provided timely or adequate Rule 26(a)(2)(C) disclosures for its Non-Retained Experts. Nor are such inadequate disclosures harmless or substantially justified. Therefore, all evidence related to these witnesses' expert opinions must be excluded. Accordingly, the Motion to Exclude (Doc. 40) is **GRANTED** as follows:

1. Defendant's Non-Retained Experts Ryan Lam, Andrew Demskie, Luis Del Valle, Syntwala Armstrong, Whitney Bennett, Shontell OQuin, Lisa Huell, Mario Dominguez, and Courtnay Syphore are **EXCLUDED** from testifying as to any expert opinions.

2. The exclusion of Ryan Lam, Andrew Demskie, Luis Del Valle, Syntwala Armstrong, Whitney Bennett, Shontell OQuin, Lisa Huell, Mario Dominguez, and Courtnay Syphore as experts does not preclude them from testifying as lay witnesses on factual matters within their knowledge.

## II. MOTION FOR PROTECTIVE ORDER

On July 23, 2026, the Court entered an Order (Doc. 47) that temporarily stayed the inspection of Plaintiffs' Residence as noticed by Defendant, shortened Defendant's response time to the Motion for Protective Order, and shortened Plaintiffs' reply time thereto. As noted above, this matter is ripe for decision.

In their Motion for Protective Order, Plaintiffs state that on July 17, 2026, Defendant served its second amended notice to inspect Plaintiffs' home, located at 1101 Old Meadow Road, Valdosta, Lowndes County, Georgia ("Residence"). The inspection was to be conducted by Defendant's expert, Eric Spell, an employee of SEA, Ltd., and was scheduled to take place on July 23, 2026, at 11:00 a.m. Plaintiffs contend that Defendant's request for inspection should not be allowed because (1) the inspection will be destructive, and (2) the request for the inspection is late and will essentially permit Defendant to extend expert disclosure

deadlines without having filed the appropriate timely motions to do so. First, the Court addresses the issue of Plaintiffs' late filing of their Reply. Then the Court addresses, in turn, each of Plaintiffs' arguments in support of its Motion for Protective Order, and Defendant's opposition thereto.

**A. Plaintiffs' Reply was filed late**

Per the Court's July 23, 2026 Order, Plaintiffs' Reply was due July 27, 2026, but was not filed until July 28, 2026. (*See* Doc. 49). Plaintiffs' Reply includes a request for leave to file their Reply one day late because Defendant's Response included new factual assertions not previously disclosed, including a July 24, 2026 letter from Mr. Spell regarding the scope of Defendant's requested inspection that is inconsistent with the scope as previously relayed to Plaintiffs' counsel. Plaintiffs state additional time was needed to review new factual assertions.

Upon review of Plaintiffs' request, the Court finds good cause has been shown to extend Plaintiffs' Reply deadline by one day, and Plaintiffs' request for leave is **GRANTED**.

**B. Scope of Mr. Spell's inspection and whether it will be destructive**

Plaintiffs assert that "Defendant's counsel has represented that its expert intends to conduct destructive asphalt shingle repairability testing and/or sampling[,]" and "[o]nce said destructive testing and/or sampling occurs, the original condition of the [Residence] cannot be recreated or independently examined." (Doc. 45 ¶¶ 3, 4). Plaintiffs also contend that if the inspection proceeds as described, they will incur additional damage to their Residence. (*Id.* ¶¶ 4, 5). Further, Defendant's notice provides that only its counsel and Mr. Spell will be present at the inspection. Plaintiffs assert their engineering expert, Chad Williams, P.E., should be present. (*Id.* ¶¶ 21, 23).

As an alternative to entering a protective order prohibiting Defendant from conducting the requested inspection, Plaintiffs request that the Court limit any inspection to a non-destructive visual inspection of the roof only, require advance disclosure of the manner of the inspection and performing the related acts, require preservation of all samples obtained, and require that Plaintiffs' expert, Mr. Williams, be permitted to attend the inspection in its entirety. (Doc. 45 ¶ 21 & page 7).

In its Response (Doc. 48), Defendant states it does not oppose Mr. Williams being present during Mr. Spell's inspection. (*Id.* at 7–8). Defendant also now states that the testing

requested by Defendant will not be destructive in nature. (*Id.* at 6). Defendant refers to Mr. Spell's one-page expert report, presumably provided to Plaintiffs at the time Mr. Spell was disclosed as a rebuttal expert. In that report, Mr. Spell states that he has been retained to conduct a "visual, non-destructive assessment" of Plaintiffs' property. (Doc. 45-4 at 21). Finally, Defendant agrees to remove its request for sampling from the notice of inspection. (Doc. 48 at 8).

Based on the above, it appears that the Parties' dispute as to the scope of any inspection that may be allowed can be resolved. Thus, the Court turns to Plaintiffs' argument that the inspection should not be allowed because it will improperly permit Defendant to extend expert disclosure deadlines that have expired without a timely motion to extend such deadlines.

### C. Whether Defendant's request for inspection of Plaintiffs' property was properly noticed and timely requested in relation to Defendant's expert disclosure deadlines

The crux of the Parties' disagreement resulting in Plaintiffs' Motion for Protective Order is whether Plaintiffs' roof needs to be totally replaced or whether it can be repaired. (Doc. 48 at 2). In other words, this case is a battle of the experts.

As Defendant notes, on October 1, 2024, Plaintiffs contracted with Method Roofing and Solar, a roofing contractor, for a total roof replacement. (Doc. 48 at 1; *see also* Doc. 48-1). Prior to suit, Defendant's technician from Seek Now,[2] inspected the roof and based on its report, Defendant determined that approximately 21 shingles or 2 percent of Plaintiffs' roof was damaged. Defendant denied Plaintiffs' request for total roof replacement. (*Id.*). After suit was filed, Plaintiffs retained Michael Melton of Bryant Roofing as one of their experts who opined that Plaintiffs' roof was not repairable. (Doc. 48-9 at 3; *see also* Doc. 48 at 3). To address Plaintiffs' position that a total replacement is warranted, Defendant sought permission to enter Plaintiffs' property for its expert, Eric Spell, to inspect the roof.

#### 1. *Inspection Notices*

Under Federal Rule of Civil Procedure 34, a party may serve on any other party a request to permit entry onto land of the other party "so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or

[2] Defendant notes that it is not holding Seek Now's inspector out as its expert. (Doc. 48 at 2 n.1).

operation on it." Fed. R. Civ. P. 34(a)(2). As relevant here, the request "(A) must describe with reasonable particularity each item or category of items to be inspected; [and] (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts[.]" Fed. R. Civ. P. 34(b)(1)(A), (B). A party has thirty days to respond, in writing, to the request. Fed. R. Civ. P. 34(b)(2)(A).

Defendant's first request for entry onto Plaintiffs' property was served on June 24, 2026. Plaintiffs assert, and Defendant does not dispute, that this request does not specify a date, time, or any particulars with respect to the requested inspection. A review of the June 24, 2026 request shows only that the inspection is "for the purpose of inspection, measuring, surveying, photographing, testing, and/or obtaining samples from said real property." (Doc. 45-6 at 2). The Court's review of the first request shows that it did not comply with the requirements of Rule 34(b)(1)(A), (B). Plaintiffs' Motion for Protective Order was filed July 21, 2026, or within thirty days of service of the June 24, 2026 request as required by Rule 34(b)(2)(A); and, thus, is a timely objection to Defendant's June 24, 2026 request—as well as Defendant's July 14 and 17, 2026, requests discussed below.

On July 14, 2026, Defendant served its first amended request for entry onto Plaintiffs' property. (Doc. 45-7). This amended request identified the property to be inspected by address and stated that the inspection would take place on July 24, 2026, at 10:00 a.m. The purpose of the inspection was the same as the June 24, 2026 request; *i.e.*, "for the purpose of inspection, measuring, surveying, photographing, testing, and/or obtaining samples from said real property." The Defendant replaced the first amended request with a second amended request because of an unexpected conflict in the date of the inspection by Defendant's expert, Mr. Spell. (Doc. 48 at 5).

On July 17, 2026, Defendant served its second amended request for entry onto Plaintiffs' property (Doc. 45-8). The second amended request was the same as the first amended request with the exception that it changed the date and time of the inspection to July 23, 2026, at 11:00 a.m., and indicated that the people attending the inspection would be Matthew Day, Defendant's counsel, and Eric Spell. (*Id.*).

Plaintiffs argue that the July 17, 2026 request is deficient because it only provides that Defendant and Mr. Spell will enter Plaintiffs' property to inspect, measure, survey,

photograph, test or obtain samples, but does not describe with any particularity the items or categories of items to be inspected. (Doc. 45 at 5). Plaintiffs object to providing access to their entire home when they have only made a claim for replacement of their roof. Plaintiffs argue Defendant's inspection should be denied for failure to describe with particularity each item or category of items to be inspected and the manner of performing the related acts.

In the event the inspection is allowed to go forward, the Court finds that while the second amended request could certainly have provided more details and limited the inspection to Plaintiffs' roof, those are details that the Parties should be able to resolve themselves. There is no dispute that the roof of Plaintiff's house is the area of the house that is at issue. The Court does not find that the lack of further details is a sufficient basis upon which to grant, in full, Plaintiffs' Motion for Protective Order.

2. *Expert Disclosure Deadlines*

Last, Plaintiffs contend that Defendant seeks to use Mr. Spell's inspection to develop and potentially offer opinions that have not been disclosed prior to the expiration of Defendant's expert disclosure deadlines or the expiration of supplemental expert reports, and Defendant has not requested an extension of the applicable deadlines. (Doc. 45 ¶ 13 & page 6).

The Court's Discovery/Scheduling Order, as amended (Docs. 14, 28, 33, 41), provides a discovery deadline of July 27, 2026, and the following deadlines for disclosure of experts:

| | |
|---|---|
| May 13, 2026 | Plaintiffs' case-in-chief disclosure of experts; |
| June 15, 2026 | Defendant's case-in-chief disclosure of experts; |
| July 13, 2026 | Parties' disclosure of rebuttal experts; and |
| July 20, 2026 | Parties' supplemental expert reports. |

On May 19, 2026, Plaintiff produced a supplemental response to Defendant's request for production in which Plaintiff included the roof repairability assessment by Mr. Melton, one of Plaintiff's experts.[3] (Doc. 48 at 2–3). In his assessment, Mr. Melton states:

> Before the assessment I noticed excessive granular loss, wind damaged shingles excessing 100+ shingles. During the assessment I had several nail pull-throughs,

[3] As noted, Plaintiffs' case-in-chief disclosures of experts was due May 13, 2026. It is unknown whether Mr. Melton was previously disclosed as an expert on behalf of Plaintiffs. However, Defendant does not contend that Mr. Melton's report was disclosed untimely.

> Material transfer, creasing and even more granular loss. It is in my expert opinion that this roofing system is not repairable. Localized repairs should not be performed on this roofing system

(Doc. 48-9 at 3). Citing to Mr. Melton's report in general, Defendant contends that Mr. Melton's report states the "roof is not repairable due to other age-related issues." (Doc. 48 at 3). Defendant states that because Mr. Melton's assessment allegedly raised new repairability issues, Defendant retained Mr. Spell to provide an updated assessment and opinion regarding the condition and repairability of Plaintiffs' roof. However, Defendant does not provide any pinpoint cites to material in Mr. Melton's report from which they obtained the above statement. Nor do they provide any basis on which to conclude that Mr. Melton's observations are not the result of wind damage.

The Court finds Defendant's assertion, if that is in fact the intended assertion, that total replacement of Plaintiffs' roof was a new issue disingenuous. Plaintiffs point out, that the "repairability of Plaintiffs' roof has been the central disputed issue in this case since Defendant's October 2024 coverage determination." (Doc. 49 at 4). Defendant acknowledges that the issue of total replacement or repair of Plaintiff's roof was raised on October 1, 2024, when Plaintiffs contracted with a roofing contractor for a total roof replacement, and Defendant denied Plaintiffs' request for total roof replacement based on Seek Now's assessment that only 2 percent of Plaintiffs' roof had been damaged. (Doc. 48 at 1–2; *see also* Doc. 48-1).

On June 15, 2026, Defendant disclosed Mr. Spell as an expert witness. Defendant complains that due to the limited time between discovering the need to retain an expert on May 19, 2026, and Defendant's June 15, 2026 expert disclosure deadline, Mr. Spell's opinion was based only on pictures and documents already available, and that "Mr. Spell declined to provide an opinion as to the repairability of the roof at that time as he had not had an opportunity to inspect it personally." (Doc. 48 at 3). Even though Defendant received Mr. Melton's report on May 19, 2026, its initial request to inspect Plaintiffs' property was not made until June 24, 2026—after Defendant's deadline for disclosure of experts in its case-in-chief.

Consistent with Defendant's statement, Plaintiffs contend that Mr. Spell's opinion did not address repairability of the roof and was limited to an evaluation of the methodology used

by Plaintiffs' repairability expert, Mr. Melton. (Doc. 45 at 6). In his June 15, 2026 report, Mr. Spell concluded that:

> Based on [SEA, Ltd.'s] review of the documents, along with the May 18, 2026 report authored by Mr. Melton, there is not sufficient data, evaluations, or testing to substantiate the opinion offered by Bryant Roofing, LLC that individual shingles on the subject roof cannot be repaired utilizing appropriate repair means and methods.

(Doc. 45-3 at 7).

Mr. Spell was also disclosed as Defendant's rebuttal expert. Defendant contends that as its expert "had been barred from inspecting the property," Defendant's expert was unable to provide any initial or rebuttal report. (Doc. 48 at 4). Per Defendant, Mr. Spell provided a report on July 13, 2026 reflecting this position. (*Id.*). In pertinent part, Mr. Spell's one-page report states:

> The site visit for this assessment has not yet occurred but will be performed as soon as we are allowed to schedule it.
>
> No opinions are being offered at this time. Upon completion of the site visit and review of the other documented information regarding the roof, a report detailing the observations and opinions regarding the repairability of the roof coverings will be prepared.

(Doc. 45-4 at 21). Plaintiffs argue that Defendant had ample opportunity to investigate this issue. The Court agrees. Defendant attempts to place all the blame for its failures on Plaintiffs. It is no fault of Plaintiffs that Mr. Spell's June 15, 2026 expert report could not include an opinion as to the repairability of Plaintiffs' roof when, as noted above, Defendant did not submit its original request to inspect until June 24, 2026. Plaintiffs' counsel advised Defendant via email and phone conference on Friday, June 26, 2026 that he could not agree to a repairability inspection.[4] (Doc. 48-10 at 1). After the June 26, 2026 discussions, Defendant was aware of Plaintiffs' objections to the requested inspection and that Defendant's initial notice was allegedly deficient in that, at the very least, it failed to provide a date and time for the requested inspection. Yet, Defendant did not file a timely motion to compel, did not move

[4] It is worth noting that, pursuant to Rule 34(a)(2)(A), Plaintiffs' written response to the request for June 24, 2026 request for inspection was not due until thirty days after service of the inspection request—or July 24, 2026.

to extend any disclosure deadlines, and did not serve an amended request to inspect Plaintiffs' property until July 14, 2026—after the deadline for Defendant to disclose rebuttal experts.[5]

Defendant attempts to justify its failure to file a timely motion to compel relying on a July 16, 2026 phone conference during which Defendant's counsel states he believed Plaintiffs' counsel was amenable to allowing the inspection to go forward with Plaintiffs reserving an objection to any supplemental report being prepared following the inspection.[6] However, in his earlier email dated June 26, 2026, Plaintiffs' counsel clearly stated that he could not agree to a repairability inspection. (Doc. 48-10).

Defendant now includes in its Response (Doc. 48), a request that the Court compel Plaintiffs to allow inspection of their property. A motion to compel was due twenty-one days after Plaintiffs' June 26, 2026 telephonic and email response objecting to the first request for inspection, or by Friday, July 17, 2026. Defendant contends that it filed the first amended request for inspection on July 14, 2026, prior to the Court's 21/21/21 filing deadline in an effort to resolve this discovery dispute without Court intervention. This is not the first time the Court's 21/21/21 Rule has come into play in this case. In an Order (Doc. 35) entered on May 11, 2026, denying Plaintiffs' motion to compel (Doc. 20) the Court noted that during the initial discovery conference, it had cautioned the Parties that, although not the intended consequence, the 21/21/21 Rule may have punitive results if not carefully followed. (*See* Doc. 35 at 2–3). Counsel were reminded that it was the earliest of the deadlines stated in the 21/21/21 Rule that applied and they should be careful not to let the applicable deadline expire

---

[5] The Court also notes that the July 14 and July 17, 2026, requests for inspection did not comply with the Court's Discovery/Scheduling Order, as amended (Docs. 14, 28, 33, 41). This is because Plaintiffs' response to those requests were not due until 30 days after service which, unless Defendant filed a motion to extend deadlines, was after the discovery deadline of July 27, 2026. Per the Discovery/Scheduling Order,

> Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court. A respondent is relieved from responding to discovery requests that do not meet this requirement.

(Doc. 14 ¶ 4).

[6] Defendant states this belief was confirmed in a July 16, 2026, email to Plaintiffs' counsel in which Defendant's counsel states "[a]s discussed, we will proceed with an inspection of the Chiang's property, with your objections noted." Defendant's counsel then questions whether Plaintiffs' counsel would be agreeable to moving the inspection to July 23, 2026, instead of July 24, 2026. (Doc. 48-12). There is nothing in the record indicating that Plaintiffs' counsel confirmed Defendant's counsel's understanding.

without filing a motion or timely requesting an extension to preserve their rights. Finally, counsel were notified that if they failed to file a proper motion in compliance with the Discovery/Scheduling Order or obtain an extension prior to expiration of the applicable twenty-one-day period, the Court considered the issue(s) waived. (*Id.*). Here, Defendant attempts to include a motion to compel in its Response to the Motion for Protective Order. This is not a proper motion to compel. Based on the Court's May 11, 2026 Order, the result of a failure to file a timely, proper motion to compel should have been fresh in Defendant's counsel's mind. Based on the foregoing, the Court declines to treat Defendant's Response as a request to require Plaintiffs to allow access to their property for inspection as a properly filed motion to compel. At a minimum, Defendant should have filed an actual motion to compel for response and the Court's consideration. Defendant failed to do so. The result here is particularly appropriate where there is no record of such a motion reflected on the docket and where Defendant has not addressed the unavoidable issue of extending expired deadlines to accommodate any expert report that would result from such inspection even if moved for and allowed. The Court herein makes no determination regarding motions that are not properly before the Court.

Accordingly, Plaintiffs' Motion for Protective Order (Doc. 45) is **GRANTED**. Defendant may not enter upon Plaintiffs' property pursuant to the notices herein before described.

**SO ORDERED**, this 20th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**